IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT F. BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | 4:07CV3109 |
| | ) | |
| v. | ) | |
| | ) | |
| T.D. GENSLER, M.D., and | ) | MEMORANDUM AND ORDER |
| CORRECTIONAL MEDICAL | ) | |
| SERVICES, at the Douglas | ) | |
| County Correctional Center, | ) | |
| | ) | |
| Defendants. | ) | |

The plaintiff, a prisoner, has filed a pro se complaint and has been granted leave to proceed in forma pauperis (Filing Nos. 1, 2, and 8). The defendants named in the plaintiff's complaint include Correctional Medical Services ("CMS") and T. D. Gensler, M.D. Read liberally, the plaintiff alleges these defendants violated the Eighth Amendment and Nebraska common law by failing to provide him with appropriate and necessary medical care and treatment.

**Plaintiff's Complaint**

The plaintiff's complaint was filed on April 19, 2007. The plaintiff alleges that on November 5, 2006, he was assaulted by two inmates while confined at the Douglas County Correctional Center ("DCCC"). The plaintiff claims that as a result of the assault, he sustained a lacerated right eye which required sutures. He states he was taken to CMS, but his eye was not sutured and no Magnetic Resonance Imaging scan was performed to

ascertain the extent of his injuries. Rather, he alleges the CMS medical staff gave him an aspirin and applied a liquid bandage to his eye.

The plaintiff alleges that the CMS medical provider present at DCCC on November 5, 2006, was not trained and able to suture the plaintiff's eye, and defendant Gensler refused to permit the plaintiff to be transported to the hospital for proper medical care and refused to come to the DCCC to render appropriate care to the plaintiff.

1. Eighth Amendment Claims.

The plaintiff alleges he sustained serious bodily injuries on November 5, 2006, and the defendants were deliberately indifferent to the plaintiff's serious medical needs in that defendant CMS failed to provide, and defendant Gensler refused to provide or permit the plaintiff to receive appropriate medical care (Filing No. pp. 4-5, 7-8).

2. Medical Malpractice Claims.

The plaintiff alleges defendant CMS failed to exercise reasonable care in the diagnosis and treatment of the plaintiff's head injuries by failing to: (1) establish appropriate policies for the care and treatment of inmates during emergency situations; (2) maintain the medical equipment at CMS in proper working order; (3) staff the CMS with qualified personnel to interpret and report the results of diagnostic tests in a prompt

manner; and (4) hire qualified, skilled and competent physicians. The plaintiff alleges defendant CMS is vicariously liable for the negligence of its staff in failing to exercise "reasonable care, skill, and judgment in diagnosing and treating the head injuries and complaints of the plaintiff." (Filing No. 1, p. 6.)

The plaintiff further alleges defendant Gensler deviated from the reasonable standard of care owed to the plaintiff by a treating physician (Filing No. 1. p. 6).

### Initial Review

#### Standard of Review

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review an in forma pauperis complaint seeking relief to determine whether summary dismissal is appropriate, and must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

#### 28 U.S.C. § 1983: Eighth Amendment

The plaintiff alleges the defendants violated his Eighth Amendment right to medical treatment. To state this claim, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The plaintiff must allege and show that he suffered objectively

serious medical needs, and that officials actually knew of but deliberately disregarded those needs. *Hartsfield v. Colburn*, 491 F.3d 394 (8th Cir. 2007). "[D]eliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citing *Estelle*, 429 U.S. at 103-104).

The plaintiff's conclusory lay opinion that he believed he needed stitches does not, alone, sufficiently allege a serious medical need. The plaintiff does not allege that the liquid bandage applied did not adequately close his wound. He does not allege the length, depth, or location of the eye laceration, that it continued to bleed for a prolonged period of time, or that it failed to correctly heal or became infected during the healing process, and he alleges no symptoms other than those directly related to the cut itself. *Compare e.g., Benitez v. Straley*, 2006 U.S. Dist. LEXIS 6382 (N.D.N.Y. Feb. 16, 2006)(holding cut on plaintiff's lips, cut on plaintiff's head, and self-described "severe cuts" to plaintiff's wrists did not constitute a medical condition that was sufficiently serious for purposes of Eighth Amendment even if plaintiff's allegations were assumed to be true); *Montavon v. Town of Southington*, No. 3-95-CV-1141, 1997 U.S. Dist. LEXIS 21883 (D. Conn. Sept. 29, 1997)(holding obvious facial cuts and scrapes unaccompanied by profuse and prolonged bleeding or other conditions, did not constitute a medical

condition that was sufficiently serious for purposes of Fourteenth Amendment); with *Aldridge v. Montgomery*, 753 F.2d 970, 972-973 (11th Cir. 1985) (holding that one-and-a-half-inch cut over detainee's eye that was bleeding profusely for two-and-a-half hours was a serious medical need); *Ellis v. Guarino*, No. 03CV6562, 2004 U.S. Dist. LEXIS 16748, 33-34 (S.D.N.Y. Aug. 24, 2004)(holding allegations of facial swelling, contusions in both ears and on his forehead, abrasions on his shoulder, a one millimeter laceration in his right eye, blurred vision, headaches, dizziness and ringing in his ears, which continued for several days thereafter constituted a medical condition that was sufficiently serious for purposes of the Eighth Amendment).

  As to the MRI scan, the plaintiff does not allege he had or reported any symptoms of a head injury other than the cut on his eye. The failure to diagnose and treat a medical condition "does not constitute punishment within the meaning of the Eighth Amendment unless prison officials knew that the condition created an excessive risk to the inmate's health and then failed to act on that knowledge. . . . As long as this threshold is not crossed, inmates have no constitutional right to receive a particular or requested course of treatment, and prison doctors remain free to exercise their independent medical

judgment."  *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997).

Moreover, to state a § 1983 claim, the plaintiff must allege that the defendant was personally involved in or had direct responsibility for incidents that resulted in injury. *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985).  Even assuming the plaintiff had alleged a serious medical need and deliberate indifference to that need by CMS staff, his complaint fails to state a § 1983 claim against defendant CMS.

State Common Law: Medical Malpractice

The plaintiff alleges that both defendants failed to exercise reasonable care in the diagnosis, care, and treatment of plaintiff's injuries.  This claim arises under state law, and does not raise a claim under 28 U.S.C. § 1983.  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."  *Estelle*, 429 U.S. 97, 106 (1976).

The plaintiff has alleged the elements of a Nebraska medical malpractice claim.  However, the plaintiff is cautioned that dismissal of the plaintiff's § 1983 claim will divest the court of federal question subject matter jurisdiction and, given the early stages of this litigation and the recency of the

plaintiff's alleged injury, if the § 1983 claim is dismissed, the plaintiff's medical malpractice claim will also be dismissed. *See* 28 U.S.C. § 1367(c); *Gibson v. Weber*, 433 F.3d 642 (8th Cir. 2006)(holding district court did not abuse its discretion in refusing to exercise supplemental jurisdiction over an inmate's medical malpractice claim after all federal claims related to his medical treatment were dismissed).

The plaintiff will not be permitted to serve either defendant until the Court determines whether this case will be dismissed for failure to state a federal claim and lack of subject matter jurisdiction.

IT IS ORDERED:

1) The plaintiff shall have until November 26, 2007, to file an amended complaint, in the absence of which this case will be dismissed without further notice.

2) The plaintiff shall not be issued summons and 285 forms at this time.

3) The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: November 26, 2007 – deadline for filing an amended complaint.

4) The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this Court.

5) The plaintiff shall keep the Court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

DATED this 30th day of October, 2007.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court