IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT F. BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | 4:07CV3109 |
| | ) | |
| v. | ) | |
| | ) | |
| T.D. GENSLER, M.D., and | ) | MEMORANDUM AND ORDER |
| CORRECTIONAL MEDICAL | ) | |
| SERVICES, at the Douglas | ) | |
| County Correctional Center, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on its own motion. Plaintiff filed his complaint in this matter on April 19, 2007, and was granted leave to proceed *in forma pauperis* on May 30, 2007 (Filing Nos. 1 and 8).  The Court thereafter conducted an initial review of the complaint and dismissed all of plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A (Filing No. 13).  However, the Court granted plaintiff time in which to amend his complaint to state a claim against defendants upon which relief may be granted.  *Id.* at CM/ECF p. 7.  Plaintiff filed his amended complaint on November 29, 2007 (Filing No. 14.)

## I.   Claims Relating to the November 5, 2006, Incident

Plaintiff's original complaint sought relief only against defendant T.D. Gensler and Correctional Medical Services for violations of his Eighth Amendment right to receive adequate medical care while incarcerated (Filing No. 1 at CM/ECF pp. 1, 4-8).  All of plaintiff's original claims related to a November 5,

2006, incident in which plaintiff was assaulted and suffered injuries. *Id.* at CM/ECF pp. 3-4.  Much of plaintiff's amended complaint relates to this same incident.  The amended complaint clarifies the allegations against individuals relating to that incident and seeks to add parties (Filing No. 14 at CM/ECF pp. 1-2).

The Court has carefully reviewed the amended complaint. Except as set forth below, the Court finds that plaintiff has complied with its October 30, 2007, memorandum and order and that service on defendants is now warranted.

## II.  Other Claims

Plaintiff's amended complaint also seeks to add claims and defendants wholly unrelated to the November 5, 2006, incident.  For example, plaintiff includes broad allegations of "extortion" and "kickbacks" relating to telephone services and commissary services at Douglas County Corrections facilities. *Id.* at CM/ECF pp. 10-12.  Plaintiff was not given leave to amend his complaint to add claims and parties unrelated to the November 5, 2006, incident, nor was plaintiff granted leave to proceed *in forma pauperis* on any claims other than those relating to the November 5, 2006, incident.  While the Court has broad discretion to allow amendments, the Court finds that these unrelated claims are not appropriately added at this time.  If plaintiff wishes to proceed on these unrelated claims, he may file a separate action.

-2-

IT IS ORDERED:

1) Defendant Public Communication Services and the claims relating to "extortion" and "kickbacks" for telephone services and commissary services at Douglas County Corrections facilities are dismissed without prejudice to reassertion in a separate action.

2) Plaintiff shall obtain service of process on the remaining defendants.

3) To obtain service of process on defendants, plaintiff must complete and return the summons forms which the clerk of court will provide.  The clerk of court shall send nine (9) summons forms and nine (9) USM-285 forms (for service on defendants in their individual capacity) to plaintiff together with a copy of this Memorandum and Order.  Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the clerk of court.  In the absence of the forms, service of process cannot occur.

4) Upon receipt of the completed forms, the clerk of court will sign the summons forms, to be forwarded with a copy of the amended complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons and amended complaint without payment of costs or fees.  Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion

of the Marshal.  The clerk of court will copy the amended complaint, and plaintiff does not need to do so.

5) Fed. R. Civ. Pro. 4 requires service of the complaint on a defendant within 120 days of filing the complaint. However, because in this order, plaintiff is informed for the first time of these requirements, plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

6) Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant.  A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint.

7) The clerk of court is directed to set a pro se case management deadline in this case with the following text: "June 25, 2008: Check for completion of service of summons."

8) The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this Court.  Plaintiff shall

keep the Court informed of his current address at all times while this case is pending.  Failure to do so may result in dismissal.

DATED this 26th day of February, 2008.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court

-5-