```
            IN THE UNITED STATES DISTRICT COURT

                  FOR THE DISTRICT OF NEBRASKA

ROBERT F. BAKER,              )
                              )
           Plaintiff,         )        4:07CV3109
                              )
     v.                       )
                              )
J-MOD, Supervisor (8:00 a.m., )        MEMORANDUM OPINION
11/05/06), et al.,            )
                              )
           Defendants.        )
_____)
```

This matter is before the Court on defendant the Nebraska Department of Correctional Services' ("NDCS") motion to dismiss (Filing No. 32) and defendants T.D. Gensler and J. Casey's motion to dismiss (Filing No. 36). Both motions will be granted.

### I.   *BACKGROUND AND SUMMARY OF AMENDED COMPLAINT*

Plaintiff Robert F. Baker ("Baker") filed his complaint in this matter on April 19, 2007 (Filing No. 1). After initial review, the Court dismissed some claims and permitted plaintiff to file an amended complaint (Filing No. 13). On November 29, 2007, plaintiff filed his amended complaint (Filing No. 14). In accordance with NECivR 15.1, the amended complaint "supersedes the pleading amended in all respects." Thus, only the claims and defendants contained in the amended complaint will be considered.

The allegations of the amended complaint relate entirely to a November 5, 2006, assault on Baker and the

treatment for his assault-related injuries.[1]  (Filing No. 14.) Baker alleges that he was "attacked and assaulted" by two fellow inmates while incarcerated at the Douglas County, Nebraska, jail. (*Id.* at CM/ECF pp. 4-5.)[2]  After the assault, Baker was escorted to the medical department at the Douglas County Jail.  (*Id.* at CM/ECF p. 5.)  Baker's injuries included a "two to three inch[] long" laceration above his right brow, facial swelling, and dizziness.  (*Id.* at CM/ECF pp. 6-7.)

In the medical department, defendant Casey "applied a liquid band-aid to the lacerated (right) brow injury" and gave Baker an ice pack.  (*Id.* at CM/ECF pp. 6-7, 15.)  Plaintiff alleges that Casey stated that she was "not qualified to apply stitches" and called defendant Gensler.  (*Id.* at CM/ECF p. 6.) Neither Gensler nor Casey permitted Baker to be transported to the emergency room and did not order an MRI of Baker's injuries. (*Id.*)  Gensler did not examine Baker until "almost twenty-four hours" after the assault, at which time X-rays of plaintiff's face were taken.  (*Id.* at CM/ECF pp. 10, 18, 20.)  No fractures of plaintiff's face were shown to exist.  (*Id.* at CM/ECF p. 20.)

---

[1] As set forth in the Court's February 26, 2008, Memorandum and Order, the claims against defendant Public Communication Services relating to "extortion" and "kickbacks" have already been dismissed.  (Filing No. 15.)

[2] The details of the assault are not relevant to the pending motions to dismiss.

Plaintiff was prescribed ibuprofen for a period of 10 days and was given a soft diet for five days. (*Id.* at CM/ECF p. 19.)

After treatment by Casey, Baker alleges that his brow injury continued to bleed, and that he also experienced bleeding from his nose and right ear. (*Id.* at CM/ECF p. 7.) Baker's face remained swollen for two weeks, which required him to be placed on liquid diet trays. (*Id.*) Plaintiff alleges that defendants Casey and Gensler acted with deliberate indifference in their failure to "exercise reasonable medical care, skill and judgment, [and] to conduct a satisfactory physical examination, including performing appropriate diagnostic tests, and provide proper and appropriate treatment." (*Id.* at CM/ECF p. 8.) With respect to the NDCS, Baker alleges only that it failed to "exercise[] control and custody of inmate Austin Galvin" and is therefore "vicariously liable" for Baker's injuries. (*Id.* at CM/ECF p. 12.)

## II. STANDARD OF REVIEW

The standard on a motion to dismiss is the same as that previously applied on initial review of the amended complaint. In short, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)

(overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

### *III. NDCS' MOTION TO DISMISS*

The NDCS seeks dismissal of the claims against it because it is entitled to sovereign immunity and because service was improper (Filing No. 33). The Court agrees that the NDCS is entitled to sovereign immunity and will dismiss the claims against the NDCS for that reason.

#### A. **Service of Process**

Federal Rule of Civil Procedure 4(j) requires that service on "[a] state, a municipal corporation, or any other state-created governmental organization . . . must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). With regard to section (B), the State of Nebraska states that:

-4-

> The State of Nebraska, any state agency as defined in section 81-8,210, and any employee of the state as defined in section 81-8,210 sued in an official capacity may be served by leaving the summons at the office of the Attorney General with the Attorney General, deputy attorney general, or someone designated in writing by the Attorney General, or by certified mail service addressed to the office of the Attorney General.

Neb. Rev. Stat. § 25-510.02(1).

Thus, in order to serve the NDCS, Baker was required to serve its chief executive officer. Alternatively, Baker could serve summons on the Nebraska Attorney General. The only summons relating to the NDCS was issued on May 6, 2008 (Filing No. 18). Plaintiff addressed that summons to "Nebraska Dept. Of Corrections, on behalf of Austin Galvin, P.O. Box 94661, Lincoln, NE 68102.[3]" (*Id.* at CM/ECF p. 8.) The summons was served via certified mail by the United States Marshal and was returned as executed on June 11, 2008 (Filing No. 25). The NDCS states that the address used by plaintiff is not the address for the Nebraska Attorney General (Filing No. 33 at CM/ECF P. 3). However, the NDCS has not submitted any documentation supporting that claim. Therefore, the Court has no basis to conclude on the record before it that service was improper.

---

[3] The USM-285 form was addressed to the same entity and address, with the exception of the zip code as 68509 rather than 68102 (Filing No. 25 at CM/ECF p. 1).

### B. Sovereign Immunity

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll., 72 F.3d 615, 619 (8th Cir. 1995); Dover Elevator Co. v. Arkansas State Univ., 64 F.3d 442, 446-447 (8th Cir. 1995).* Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g., Dover Elevator Co., 64 F.3d at 444; Nevels v. Hanlon, 656 F.2d 372, 77-378 (8th Cir. 1981).* Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 which seek equitable relief from state employee defendants acting in their official capacity.

Here, Baker seeks only monetary relief from the NDCS including "compensatory damages, punitive damages, pain and suffering, . . . reasonable attorney fees . . . interest at the maximum legal rate, [and] court costs." (Filing No. 14 at CM/ECF p. 2.) There is no question that the NDCS is a state agency. Plaintiff's own allegations identify the NDCS as a "State Governmental Entity." (*Id.* at CM/ECF p. 4.) The NDCS is

entitled to sovereign immunity as to all of plaintiff's claims and the claims against it will be dismissed with prejudice.

### *IV. GENSLER AND CASEY'S MOTION TO DISMISS*

Defendants Gensler and Casey argue that they are entitled to dismissal because plaintiff does not sufficiently allege an Eighth Amendment violation, and the amended complaint therefore fails to state a claim upon which relief may be granted (Filing No. 37). The Court agrees. To sustain a claim under the Eighth Amendment, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The plaintiff must allege and show that he suffered objectively serious medical needs, and that officials actually knew of but deliberately disregarded those needs. *Hartsfield v. Colburn*, 491 F.3d 394 (8th Cir. 2007). "[S]ociety does not expect that prisoners will have unqualified access to health care." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Therefore, "deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Id.* (citing *Estelle*, 429 U.S. at 103-104). However, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the

-7-

victim is a prisoner." *Estelle*, 429 U.S. at 106; *see also Davis v. Hall*, 992 F.2d 151, 153 (8th Cir. 1993) ("Disagreement with a medical judgment is not sufficient to state a claim for deliberate indifference to medical needs.").

A "serious" medical need must be either obvious to a layperson or supported by medical evidence, such as a physician's diagnosis. *Roberson v. Bradshaw*, 198 F.3d 645, 648 (8th Cir. 1999). Further, the failure to diagnose and treat a medical condition "does not constitute punishment within the meaning of the Eighth Amendment unless prison officials knew that the condition created an excessive risk to the inmate's health and then failed to act on that knowledge. As long as this threshold is not crossed, inmates have no constitutional right to receive a particular or requested course of treatment, and prison doctors remain free to exercise their independent medical judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997) (citations omitted).

While the Court seriously doubts that plaintiff has set forth enough allegations to show that his medical needs were serious, plaintiff's submissions also do not support an allegation of "deliberate indifference" on the part of defendants towards those needs. Plaintiff's allegations of "deliberate indifference" relate entirely to the allegation that he did not receive stitches or an MRI, both of which plaintiff believes he

-8-

needed in order to treat his injuries.  However, as set forth above, plaintiff has no right to receive a particular course of treatment.  Plaintiff has submitted documentation showing that he received immediate and ongoing treatment for his injuries, including a liquid bandage, prescription pain medication, a soft diet, X-rays, and other care (Filing No. 14 at CM/ECF pp. 15-20).  There is nothing in any of the documents filed by plaintiff which alleges or indicates that plaintiff's medical conditions were deliberately disregarded or ignored by defendants.

In short, plaintiff's disagreement with defendants' medical judgment does not state a claim upon which relief may be granted.  Instead, plaintiff's complaints regarding the treatment he received for his assault-related injuries amount to "disagreement with a medical judgment," which are not enough to sustain an Eighth Amendment claim.  Davis, 992 F.2d at 153 (8th Cir. 1993).  Plaintiff has no right to a "requested course of treatment," and his claims against Gensler and Casey will be dismissed.[4]

Also pending is the plaintiff's motion for summons (Filing No. 42) to be served on the United States Marshal.  It is clear from the allegations in the amended complaint that

---

[4] Casey and Gensler also seek dismissal of the entity "Correctional Medical Services." (Filing No. 37 at CM/ECF pp. 15-16.)  However, there are no claims against this entity in the amended complaint and it is not named as a party.  Thus, there are no claims to dismiss.

plaintiff has no claim against the United States Marshal, and this motion will be denied.  Plaintiff's amended complaint will be dismissed.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 7th day of November, 2008.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court