IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

```
ROBERT F. BAKER,              )
                             )
            Plaintiff,        )        4:07CV3109
                             )
        v.                    )
                             )
J-MOD, Supervisor (8:00 a.m., )    MEMORANDUM AND ORDER
11/05/06), et al.,            )
                             )
            Defendants.       )
_____)
```

This matter is before the court on plaintiff's Notice of Appeal, filed on November 21, 2008 (Filing No. 47).  Plaintiff did not submit the appellate filing fee or a motion for leave to proceed in forma pauperis (Filing No. 48).  Plaintiff is a prisoner and has previously been granted leave to proceed IFP in this matter (Filing No. 8).

As set forth in Federal Rule of Appellate Procedure 24(a)(3):

> (a) Leave to Proceed in Forma
> Pauperis . . . .
>
> (3) Prior Approval.  A party who
> was permitted to proceed in forma
> pauperis in the district-court
> action, or who was determined to be
> financially unable to obtain an
> adequate defense in a criminal
> case, may proceed on appeal in
> forma pauperis without further
> authorization, unless the district
> court -- before or after the notice
> of appeal is filed -- certifies
> that the appeal is not taken in
> good faith or finds that the party
> is not otherwise entitled to

>proceed in forma pauperis. In that
>event, the district court must
>state in writing its reasons for
>the certification or finding.

The Court finds that because plaintiff proceeded IFP in the district court, he may now "proceed on appeal in forma pauperis without further authorization."

However, pursuant to the Prison Litigation Reform Act ("PLRA"), a prisoner plaintiff is required to pay the full amount of the court's $455.00 appellate filing fee by making monthly payments to the court, even if the prisoner is proceeding IFP. 28 U.S.C. § 1915(b). The PLRA "makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." *Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951 (D. Neb. 2001) (citing *In re Tyler*, 110 F.3d 528, 529 (8th Cir. 1997)). The appellate filing fee is assessed when the district court receives the prisoner's notice of appeal. *Henderson v. Norris*, 129 F.3d 481, 485 (8th Cir. 1997).

Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of plaintiff's average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint. Based on the records before the Court, the initial partial filing fee is **$31.29**, based on average monthly balance of **$156.46** (Filing No. 7).

-2-

In addition to the initial partial filing fee, plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the Court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, after payment in full of the initial partial filing fee, the remaining installments shall be collected pursuant to this procedure.

IT IS ORDERED:

1. Plaintiff is permitted leave to appeal in forma pauperis.

2. Plaintiff shall pay an initial partial filing fee of $31.29 by February 6, 2009, unless an enlargement of time is granted in response to a written motion.

3. After payment of the initial partial filing fee, plaintiff's institution shall collect the additional monthly

-3-

payments in the manner set forth in 28 U.S.C. § 1915(b)(2),
quoted above, and shall forward those installments to the Court.

      4.   The clerk of the court is directed to send a copy
of this order to the appropriate official at plaintiff's
institution and to the Eighth Circuit Court of Appeals.

      DATED this 6th day of January, 2009.

              BY THE COURT:

              /s/ Lyle E. Strom

              _____
              LYLE E. STROM, Senior Judge
              United States District Court